Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1818 | **DATE** | 6/14/2012 |
| **CASE TITLE** | Widmar vs. Sun Chemical | | |

**DOCKET ENTRY TEXT**

For the following reasons, Plaintiff's motion for leave to file an amended complaint is denied, as is Defendants' motion to re-open discovery for limited purpose. Defendants will pay Plaintiff reasonable costs in responding to Defendants' motion.

■[ For further details see text below.]  Notices mailed by Judicial staff.

**STATEMENT**

Before the Court are Plaintiff's motion for leave to file an amended complaint and Defendants' motion for leave to re-open discovery for limited purpose. For the following reasons, both motions are denied.

### I. Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff seeks leave to file a second amended complaint. Rule 15 grants a party leave to amend its pleadings once as a matter of course, and thereafter by leave of court or consent of the adverse party. Fed. R. Civ. P. 15(a). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007)

Most of the changes reflected in the Second Amended Complaint are relatively minor issues that were clarified during the course of discovery. However, Plaintiff substantively changed his allegations in ¶ 29 of the complaint, relating to his breach of contract claims (and, by reference, his claims under the Illinois Wage Payment and Collection Act). Plaintiff now alleges that he was told that Rycoline policies would continue to apply to him after Sun Chemical acquired Rycoline. Specifically, Plaintiff added allegations that after the acquisition, Sun Chemical held on-site meetings to answer questions for Rycoline employees, and through its employee Bill Glass, assured those employees that Rycoline policies would still apply to them. (Although Plaintiff still styles this a breach of written contract claim, it is perhaps better characterized as a claim based on assumption or an oral novation. *Cf. Hexacomb Corp. v. GTW Enterprises, Inc.*, 875 F.Supp. 457, 464-65 (N.D. Ill. 1993); *Kroll v. Sugar Supply Corp.*, 452 N.E.2d 649, 652-53 (Ill. App. Ct. 1983).

Defendants oppose the motion, arguing that the proposed amendments (which reinstate the breach of written contract and IWPCA claims) are prejudicial and futile. Defendants argue that the amendments are prejudicial because they name, as the crux of Plaintiff's contract claim, a never-before-disclosed witness (Bill Glass) and refer to question-and-answer meetings that have never been mentioned in this case to date. Given that the extended discovery period (for a limited purpose) expires on June 15, 2012, Defendants argue that

| STATEMENT |
|---|

they would be prejudiced by having to re-open discovery to deal with Plaintiff's new theory of the case. Defendants argue that the amendments are futile for two reasons: first, that no written contract actually exists, and second, that the Second Amended Complaint is insufficient to allege the breach of a written contract, and would not survive a motion to dismiss. Defendants also argue, somewhat contradictorily, both that Plaintiff must have known of these alleged meetings since attending them in 2004 (and therefore has no excuse for not disclosing the information earlier), and that the new allegations contradict Plaintiff's statements in deposition that he had limited recollections of who told him that Rycoline policies still applied to him, and when.

Defendant's objection that Plaintiff has not turned over a copy of a written contract, and therefore that his claim necessarily fails, is not well taken. In federal court, unlike Illinois courts, Plaintiffs need not attach a copy of a written contract to their complaints. *See Arnold v. Janssen Pharmaceutica,* Inc., 215 F.Supp.2d 951, 962 (N.D.Ill. 2002). To the extent that Plaintiff has been unable to locate a copy of the original contract, he is not necessarily foreclosed from bringing contract claim. *See In re Estate of Weiland*, 788 N.E.2d 811, 827 (Ill. App. Ct. 2003); *Coltec Indus. Inc. v. Zurich Ins. Co.*, No. 99 C 1087, 2002 WL 31185789, at *2 -3 (N.D. Ill. Sept. 30, 2002). Nonetheless, the Court agrees that allowing Plaintiff to amend his complaint to include never-before-disclosed witnesses and allegations at this late date would unduly prejudice Defendants. Plaintiff has offered no explanation for why he failed to disclose his claims regarding these meetings and this witness before now, and the Court accordingly finds that Defendants have shown that the amendment (or least disclosure of the underlying information) was unduly delayed and therefore amendment would be seriously prejudicial.

### II. Defendants' Motion to Re-Open Discovery for a Limited Purpose.

As addressed in this Court's last opinion in this case, Defendants filed a motion for fees and costs against Plaintiff (improperly) and his counsel, alleging that they vexatiously multiplied this litigation by making former defendant Klug a party when Plaintiff knew that Klug had not made the alleged defamatory statements at issue. This Court denied that motion for sanctions. Now, Defendants ask this Court to re-open discovery and give them leave to depose Plaintiff's counsel and Plaintiff (again), arguing that Plaintiff's response to that motion for fees and costs waived attorney-client privilege as to his entire defamation claim.

Given that the limited disclosure of attorney-client discussions were for the limited purpose of responding to Defendants' (needless) motion for sanctions, and that Plaintiff has shown no intent to use the communications for any other purpose in litigation, the Court doubts that subject matter waiver has occurred. See Fed. R. Evid. 502(a); *In re Aftermarket Filters Antitrust Litigation,* No. 08 C 4883, 2010 WL 4622527, at *6 (N.D. Ill. Nov. 4, 2010) (noting that subject matter waiver is reserved for "those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.") (The Court notes that Defendants rely on cases pre-dating the adoption of Rule 502, or applying the old standard.) The Court need not decide whether such a waiver occurred, however, because Defendant has abjectly failed to show good cause to re-open discovery and depose opposing counsel. The Court will not reward the tactic of bringing meritless motions for sanctions in an attempt to force the opposing party to waive privilege, and Defendants have offered no reason why such discovery is necessary at this point. The Court denies the motion to re-open discovery, and Defendants will pay Plaintiff his reasonable costs in responding to this motion.

### III. Conclusion

For the foregoing reasons, both Plaintiff's motion for leave to file an amended complaint and Defendants' motion to re-open discovery are denied.