# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1818 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Widmar vs. Sun Chemical | | |

**DOCKET ENTRY TEXT**

For the following reasons, Plaintiff's motion to quash a subpoena or for a protective order [DKT 105] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff has moved to quash a subpoena issued to his current employer, or for a protective order. Defendant began employment with a new employer, Grafsolve, in April, 2012. Defendants now seek to subpoena from Grafsolve:

    Grafsolve's e-mail communications to and from Mr. Widmar, or his sole proprietorship;
    Grafsolve's e-mails and documents relating to any prospective employment or business relationship with Plaintiff, his company, and/or his business colleague, Jeff Patrick;
    Plaintiff's personnel file and employee relations file;
    Plaintiff's benefits and compensation information;
    all offers of employment or retention as an agent or independent contractor, and any documents, e-mails, or other communications related to any such offers.

Plaintiff argues that the subpoena is a naked attempt to interfere with his new job.

    Defendants offer several reasons that the documents are relevant: a) to mitigation and damages, because they will illuminate how vigorously Plaintiff sought employment after being fired, and because Plaintiff's current discovery responses are unclear as to whether he still claims to be accruing back pay damages (his current commission and salary are projected to exceed his Sun Chemical salary); b) to Plaintiff's alleged reputational damage; and c) to Plaintiff's credibility, because Defendants claim that in another job application (that Plaintiff has already turned over), he lied about why he was fired. Because this Court has already had to order Plaintiff to turn over post-termination employment information, Defendants maintain that they should be permitted to seek this information directly from Grafsolve. Finally, Defendants argue that any harm to Plaintiff is speculative, and cannot outweigh their right to the information.

    As to the issue of damages and mitigation, Plaintiff objects that he does not claim that Defendants' behavior negatively impacted his salary at Grafsolve, and that he is already under a court order to produce documents relating to his post-termination employment. Plaintiff notes that he has already produced his

**STATEMENT**

Grafsolve employment application, W-9 form, offer letter, employment agreement, and related e-mail communications. He also argues that it "defies logic" for Defendants seek this information in order to determine whether Plaintiff actively sought employment that pays him as well as Sun Chemical did, because before April he was employed by Core Components (which paid him $3,000 per year less than Sun Chemical had), and left that job for this (theoretically more lucrative) position. Plaintiff notes that the vast majority of his back pay damages were "cut off" when Core hired him, and that Defendants cannot fairly claim that Plaintiff made insufficient efforts to obtain post-termination employment. Finally, Plaintiff argues that his performance in his new position has nothing to do with his damages and is not otherwise relevant in any way. (Similarly, he notes that documents related to Jeff Patrick, a nonparty to this case, cannot be relevant.) Essentially, Plaintiff argues that because the subpoena will only result in the production of duplicative or irrelevant information, it is solely intended to harass him.

Discovery pursuant to a Rule 45 subpoena is as broad as that available by any other means of discovery. It is not, however, unlimited. Issuing courts must quash or modify subpoena which, *inter alia*, requires disclosure of privileged or other protected matter (if no exception or waiver applies) or subjects the recipient to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). Rule 26 requires a court to limit discovery if the burden or expense of the discovery outweighs its benefit, and allows the court, for good cause, to protect a party or person from discovery-related "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.R.Civ.P. 26(b)(2)(C), (c). Although the parties have not discussed the matter, the Court concludes that Plaintiff has standing to challenge this subpoena to a non-party, given his legitimate interest in both the privacy of his personnel file and his new employment relationship. *See United States v. Raineri* 670 F.2d 702, 712 (7th Cir. 1982).

The Court notes that, as Plaintiff observed, he is already under an obligation to turn over documents in his possession relevant to the mitigation of his damages and his post-termination employment. To the extent that Defendants seek information as to whether Plaintiff lied on his job application, his attorney has made a sworn representation to the Court that his application materials have already been turned over. To the extent that Defendants claim that the information is relevant to Plaintiff's allegation of reputational damage, the Court does not disagree with Magistrate Judge Cole in *Hodgdon v. Northwestern University*, that subsequent performance reviews can be relevant to the issue of reputational damage. 245 F.R.D. 337, 344-45 (N.D. Ill. 2007). However, the Court notes that given the newness of Plaintiff's employment, such evidence likely does not yet exist at Grafsolve. Furthermore, Plaintiff's counsel has explicitly disclaimed any argument that Defendants' behavior negatively impacted Widmar in his Grafsolve employment. Given that representation, the Court concludes that risk of embarrassment and adverse consequences to Plaintiffs if the subpoena is served substantially outweighs the minimal (if any) relevant and non-duplicative evidence that this overbroad subpoena is likely to produce. Accordingly, the Court grants Plaintiff's motion to quash subpoena and for a protective order.