# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 1818 | DATE | 10/16/2012 |
| CASE TITLE | Widmar vs. Sun Chemical Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion for summary judgment is denied. The Court will reconsider this ruling only if Defendants refile a motion abiding by Local Rule 56.1. If Defendants choose to re-file, the Court grants them two weeks to do so.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Local Rule 56.1 governs motions for summary judgment and its purpose is to make it relatively simple for the court to determine whether there are bona fide issues of fact requiring a trial. To accomplish this the rule requires the moving party to set out a statement of "material facts," consisting of "short numbered paragraphs," with specific references to supporting materials, which demonstrates that here is no genuine fact issue requiring a trial. The opposing party then is to give "a concise response" to the movant's statement, consisting of "a statement of short numbered paragraphs," with specific reference to the supporting materials, of any additional facts that it contends require denial of summary judgment.

    To say that the parties have violated the rule in this case is a monumental understatement! The Local Rule 56.1 statements of the parties in this case exceed 150 pages. The statements rather than being short numbered paragraphs are in many cases pages long and include multiple sentences, long excerpts from depositions, as well as long excerpts from documents. The response sometimes greatly exceed the statement to which it is in response. Defendants opened with a document consisting of 100 "statements" requiring 45 pages. Plaintiff's response added an additional 32 pages. In addition Plaintiff has countered with 50 "statements of additional facts" taking up 18 more pages. Defendants respond to this by adding an additional 31 pages. These documents can only be described as advertent or inadvertent attempts to obfuscate the issues in the case. And the parties have successfully done so. Defendants' statement no. 14 is an example of the Rule violation on both sides. The paragraph consists of 4 sentences to which the Plaintiff responds by admitting the first sentence and denying the second, third and fourth sentences. He then goes on to "explain" his denial with a nine sentence explanation. Plaintiff's additional fact no. 32 consisted of three sentences while the response, which appears to deny each of the sentences, takes up almost 2 and a quarter pages, explaining the denials. The net result of all of this prolixity is that the parties have taken what appears to be a relatively simple employment discrimination case and turned, what is supposed to be a relatively simple task, i.e., to determine the need to burden the parties, the court, a jury, and the taxpayers with a trial, into a morass

**STATEMENT**

that turns Local Rule 56.1 on its head.  To decide this motion on this record would require this Court to isolate each sentence of each numbered paragraph and compare it with each responding sentence and then wade through the two inch thick sets of supporting documents to see who is right and who is wrong and whether comparison results in a triable issue.  It will be infinitely easier and less time consuming for the Court to hold a trial, and let the parties "duke" it out, and, if necessary, consider motions for directed verdict at the appropriate time.

It is for these reasons that the motion for summary judgment is denied.  The court will only reconsider this ruling if the Defendants will refile a motion with a Rule 56.1 statement of material facts limited to the 80 asserted statements authorized by the rule and only if each statement of fact is limited to one fact or one statement consisting of a single sentence.  In the event Defendants choose to refile, the Plaintiff will be allowed the 40 assertions authorized by the rule but only if each such assertion is likewise limited to one fact or a single sentence.  The Defendants shall have two weeks to refile if they so choose.  Otherwise, the Court will set the case for trial at which time the Court will be able to control the proceeding directly.
.